

**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

AWS / ALL
Transmittal Number: 8147369
Date Processed: 10/29/2010

| | |
|---|---|
| Primary Contact: | Office of Treasurer<br>Dorel Juvenile Group, Inc.<br>2525 State Street<br>Columbus, IN 47201 |
| Entity: | Dorel Asia Inc.<br>Entity ID Number 2669333 |
| Entity Served: | Dorel Asia, Inc. |
| Title of Action: | Shaun M. Dunkin vs. Dorel Industries, Inc. |
| Document(s) Type: | Summons and Amended Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Ketchikan Superior Court, Alaska |
| Case/Reference No: | 1KE-10-373 CI |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 10/29/2010 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Blake M. Chupka<br>907-225-4131 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

Exhibit A
Page 1 of 15 Pages

Blake M. Chupka, Esquire
Alaska Bar No: 0311083
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Plaintiffs

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FIRST JUDICIAL DISTRICT AT KETCHIKAN

| | |
|---|---|
| SHAUN M. DUNKIN, SHARLEE DUNKIN, and SHAUN M. DUNKIN as the Natural Parent and Guardian of JOCELYN R. DUNKIN, a Minor Child,<br><br>Plaintiffs,<br><br>v.<br><br>DOREL INDUSTRIES, INC., DOREL USA, INC., DOREL JUVENILE GROUP, INC., DOREL ASIA, INC., DOREL ASIA SRL, AND WAL-MART STORES, INC.,<br><br>Defendants. | Case No. 1KE-10-373 CI |

## SUMMONS AND NOTICE OF JUDICIAL ASSIGNMENT

TO: Dorel Asia, Inc.
c/o Corporation Service Company, Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808

YOU ARE HEREBY SUMMONED and required to file with the Court a written answer to the amended complaint which accompanies this summons. Your answer must be filed with the Court at 415 Main Street - Room 400, Ketchikan, Alaska 99901, within twenty (20) days after the day you receive this summons. In addition, a copy of your answer must be sent to Plaintiffs'

SUMMONS AND NOTICE OF JUDICIAL ASSIGNMENT- Page 1 of 2 Pages
Dunkin v. Dorel Industries, Inc., et al - Case No. 1KE-10-373 CI
th/Dunkin/13.149.A/Summons and Notice of Judicial Assignment.doc

Exhibit A
Page 2 of 15 Pages

Case 5:10-cv-00004-JWS   Document 1-1   Filed 11/16/10   Page 2 of 15

attorney:

> **Blake M. Chupka, Esq.**
> Keene & Currall, P.C.
> 540 Water Street – Suite 302
> Ketchikan, Alaska 99901
> Phone: (907) 225-4131

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the amended complaint.

If you are not represented by an attorney, you must inform the Court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use Court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system website at www.state.ak.us/courts/forms.htm, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiffs and Defendants

You are hereby given notice that this case has been assigned to Judge William B. Carey.

10-25-10         By: /s/ KMair
Date                   Deputy Clerk

Exhibit A
Page 3 of 15 Pages

SUMMONS AND NOTICE OF JUDICIAL ASSIGNMENT- Page 2 of 2 Pages
*Dunkin v. Dorel Industries, Inc., et al* - Case No. 1KE-10-373 CI
th/Dunkin/13.149.A/Summons and Notice of Judicial Assignment.doc

Blake M. Chupka, Esquire
Alaska Bar No: 0311083
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Plaintiffs

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FIRST JUDICIAL DISTRICT AT KETCHIKAN

| | |
|---|---|
| SHAUN M. DUNKIN, SHARLEE DUNKIN, and SHAUN M. DUNKIN as the Natural Parent and Guardian of JOCELYN R. DUNKIN, a Minor Child,<br><br>Plaintiffs,<br><br>v.<br><br>DOREL INDUSTRIES, INC., DOREL USA, INC., DOREL JUVENILE GROUP, INC., DOREL ASIA, INC. DOREL ASIA SRL, and WAL-MART STORES, INC.,<br><br>Defendants. | Filed in the Trial Courts<br>State of Alaska<br>First Judicial District<br>at Ketchikan<br><br>OCT 25 2010<br><br>Clerk of the Trial Courts<br>By _____ Deputy<br><br>Case No. 1KE-10-373 CI |

## AMENDED COMPLAINT

COME NOW Plaintiffs, Shaun M. Dunkin; Sharlee Dunkin; and Shaun M. Dunkin as the natural parent and guardian of his daughter, Jocelyn R. Dunkin, a minor, by and through their counsel of record, Blake M. Chupka of Keene & Currall, P.C., and bring this civil action against Defendants, alleging as follows:

### Parties, Jurisdiction, and Venue

1. At all times material hereto, Plaintiffs, Shaun M. Dunkin, Sharlee Dunkin, and the minor child, Jocelyn R. Dunkin, were residents of Ketchikan, Alaska.

Amended Complaint - Page 1 of 12 Pages
*Dunkin v. Dorel Industries, Inc., et al* - Case No. 1KE-10-373 CI
L:\Dunkin\18.149.A\Amended Complaint.doc

Exhibit A
Page 4 of 15 Pages

Case 5:10-cv-00004-JWS Document 1-1 Filed 11/16/10 Page 4 of 15

2. Upon information and belief, Defendant Dorel Industries, Inc. is a foreign corporation authorized to do, and doing business, in the State of Alaska. Defendant Dorel Industries, Inc. manufacturers and/or causes to be delivered for sale to the State of Alaska furniture products including but not limited to the Dorel Sleigh Toddler Bed (model #: WM1646, UPC: 065857128017) that caused injury to the Plaintiff minor child which is the subject of this lawsuit.

3. Upon information and belief, Defendant Dorel USA, Inc. is a foreign corporation authorized to do, and doing business, in the State of Alaska. Defendant Dorel USA, Inc. manufacturers and/or causes to be delivered for sale to the State of Alaska furniture products including but not limited to the Dorel Sleigh Toddler Bed (model #: WM1646, UPC: 065857128017) that caused injury to the Plaintiff minor child which is the subject of this lawsuit.

4. Upon information and belief, Defendant Dorel Juvenile Group, Inc. is a foreign corporation authorized to do, and doing business, in the State of Alaska. Defendant Dorel Juvenile Group, Inc. manufacturers and/or causes to be delivered for sale to the State of Alaska furniture products including but not limited to the Dorel Sleigh Toddler Bed (model #: WM1646, UPC: 065857128017) that caused injury to the Plaintiff minor child which is the subject of this lawsuit.

5. Upon information and belief, Defendant Dorel Asia, Inc. is a foreign corporation authorized to do, and doing business, in the State of Alaska. Defendant Dorel Asia, Inc. manufacturers and/or causes to be delivered for sale to the State of Alaska furniture products including but not limited to the Dorel Sleigh Toddler Bed (model #: WM1646, UPC:

065857128017) that caused injury to the Plaintiff minor child which is the subject of this lawsuit.

6. Upon information and belief, Defendant Dorel Asia SRL is a foreign corporation authorized to do, and doing business, in the State of Alaska. Defendant Dorel Asia SRL manufacturers and/or causes to be delivered for sale to the State of Alaska furniture products including but not limited to the Dorel Sleigh Toddler Bed (model #: WM1646, UPC: 065857128017) that caused injury to the Plaintiff minor child which is the subject of this lawsuit.

7. Defendants Dorel Industries, Inc., Dorel USA, Inc., Dorel Juvenile Group, Inc., Dorel Asia, Inc. and Dorel Asia SRL are collectively referred to herein as "Dorel."

8. Upon information and belief, Defendant Wal-Mart Stores, Inc. is a foreign corporation authorized to do, and doing business, in the State of Alaska including Ketchikan, Alaska. Defendant Wal-Mart Stores, Inc. regularly engages in the business of selling, buying, inspecting, marketing, and warranting Dorel Sleigh Toddler Beds, such as the one involved in this action, and regularly and purposefully places such product in the stream of interstate commerce with the intention that they enter the Alaska market for purchase and use by consumers residing in the State of Alaska.

9. All Defendants have also engaged in substantial advertising campaigns to promote the sales of Dorel products, including the Dorel Sleigh Toddler Bed, such as the one involved in this action, which advertising stresses the quality, utility, and safety of said toddler bed.

10. All Defendants worked together as part of a common plan in designing, developing, testing, evaluating, manufacturing, assembling, labeling, marketing, advertising, selling, and distributing Dorel Sleigh Toddler Beds, including the toddler bed which is the subject

Amended Complaint - Page 3 of 12 Pages
*Dunkin v. Dorel Industries, Inc., et al* - Case No. 1KE-10-373 CI
bc/Dunkin/13.149.A/Amended Complaint.doc

Exhibit A
Page 6 of 15 Pages

Case 5:10-cv-00004-JWS   Document 1-1   Filed 11/16/10   Page 6 of 15

of this action.

11. All Defendants are, within the meaning of Alaska Statute 09.05.015(a)(4)(B), transacting business in Alaska such that this Court has personal jurisdiction over all Defendants.

12. This Court has jurisdiction over this civil action pursuant to Alaska Statute 22.10.020 because the amount in controversy, exclusive of costs as to each plaintiff, including interest and attorney fees, exceeds $100,000. See also, Alaska Statute 22.15.030(a)(1).

13. Venue is proper in the Superior Court at Ketchikan pursuant to Alaska Statute 22.10.030 and Ak.R.Civ.P. 3 because the Dorel Sleigh Toddler Bed at issue was purchased from Defendant Wal-Mart Stores, Inc. in Ketchikan; Plaintiffs' injuries were sustained in Ketchikan; and all Defendants presently conduct business in Ketchikan, Alaska, being within the First Judicial District.

## Common Allegations to All Claims

14. Plaintiffs Shaun M. Dunkin and Sharlee Dunkin are husband and wife and the natural parents and guardians of Plaintiff, Jocelyn R. Dunkin, a minor child born February 5, 2007.

15. On or about July 2008, Plaintiffs or a member of their family purchased a Dorel Sleigh Toddler Bed identified by model #: WM1646 and UPC: 065857128017 (hereinafter "the toddler bed") from Defendant Wal-Mart Stores, Inc. that was designed, developed, tested, evaluated, manufactured, assembled, labeled, marketed, advertised, sold, and distributed by Defendants.

16. Defendants marketed and advertised the model Dorel Sleigh Toddler Bed that is

the subject of this action as, for example: "A lovely, traditionally styled sleigh bed that is just the right size for toddlers. Two side rails provide added safety for your little one. A toddler bed is the ideal choice for a child who is making the transition from crib to standard-height bed."

17. Plaintiffs strictly followed the instructions for assembly and use of the toddler bed.

18. Plaintiffs Shaun M. Dunkin and Sharlee Dunkin placed the toddler bed assembled as instructed by Defendants into Plaintiff Jocelyn R. Dunkin's room for her use. The toddler bed was then used by Plaintiff Jocelyn R. Dunkin as intended by Defendants. At all times material hereto, Plaintiffs used the toddler bed in a reasonably foreseeable manner and in accordance with all instructions from Defendants.

19. On or about July 17, 2008, Plaintiff Jocelyn R. Dunkin went to sleep for the night in the toddler bed.

20. The next morning, on or about July 18, 2008, Plaintiff Sharlee Dunkin went to check on her daughter and found Jocelyn with her leg twisted and caught in the side rails of the toddler bed. Jocelyn's leg was gray from the knee down.

21. Plaintiff Sharlee Dunkin yelled to Plaintiff Shaun M. Dunkin who was in the other room at the time Plaintiff Sharlee Dunkin went in to check on Jocelyn. Plaintiff Shaun M. Dunkin ran into the room where Jocelyn was sleeping and found Jocelyn with her leg twisted and caught in the side rails of the toddler bed.

22. Plaintiffs Shaun M. Dunkin and Sharlee Dunkin rushed Jocelyn to the hospital in Ketchikan for emergency surgery to return circulation to her leg.

23. Jocelyn underwent additional surgery on or about July 20, 2008, to close the

wounds on her leg. During the procedure, the surgeon discovered muscles in Jocelyn's leg were gray.

24. Jocelyn was rushed by medevac flight service to Children's Hospital in Seattle on or about July 20, 2008, for further surgery. Jocelyn was accompanied by Plaintiffs Shaun M. Dunkin and Sharlee Dunkin. Emergency surgery was performed on Jocelyn's leg at Children's Hospital in Seattle over the course of two weeks, including a fasciotomy and multiple wound debridements. Jocelyn's lower left leg was closed with skin grafts because primary closure was impossible. Plaintiffs Shaun M. Dunkin and Sharlee Dunkin remained with Jocelyn at Children's Hospital in Seattle during the two weeks. Subsequently, Jocelyn underwent physical therapy.

25. Jocelyn's physician diagnosed additional, significant sequelae from the injury, including a fixed equinus contracture and incomplete neuromuscular recovery. Jocelyn continued to experience significant pain and discomfort. As a result of her injury, she could only walk on her toes. She was fitted with a corrective brace for the equinus. Eventually, she required surgery to lengthen her Achilles tendon; in the process, Jocelyn's skin grafts were removed and a complex wound closure of her left leg 27 centimeters in length was performed. Jocelyn was then referred for fitting with an ankle-foot orthosis to be worn both day and night until her walking better—at which time it would be worn at night only. Jocelyn continues to receive medical care. She will require medical attention for the rest of her life as a result of her injuries.

26. All Defendants did design, develop, test, evaluate, manufacture, assemble, label, market, advertise, sell, and distribute the toddler bed.

27. The toddler bed designed, developed, tested, evaluated, manufactured, assembled,

Amended Complaint - Page 6 of 12 Pages
Dunkin v. Dorel Industries, Inc., et al - Case No. 1KE-10-373 CI
be/Dunkin/13.149.A/Amended Complaint.doc

Exhibit A
Page 9 of 15 Pages

Case 3:10-cv-00004-JWS   Document 1-1   Filed 11/16/10   Page 9 of 15

labeled, marketed, advertised, sold, and distributed by all Defendants was defective and unreasonably dangerous, and unfit and unsafe for its intended uses and purposes, which defects directly and proximately caused Plaintiffs' injuries.

28. At all times material hereto, Plaintiffs used the toddler bed in a reasonably foreseeable manner and in accordance with all instructions from Defendants. Plaintiffs' use of the toddler bed in a manner reasonably foreseeable to all Defendants involved a substantial danger that would not be readily recognized by the ordinary consumer of the toddler bed, and which substantial danger was not readily recognized by Plaintiffs, and all Defendants failed to give adequate warning of the danger.

29. Based on information and belief, Defendants had been made aware of the defects with the toddler bed before this incident but have continued to intentionally manufacture, market, advertise, distribute, and sell the toddler bed even with this knowledge solely for the sake of profit and without regard to the safety and wellbeing of the consumers and infant children who purchase and use the toddler bed on the assurances and warranties of all Defendants that the toddler bed is fit and safe for its intended purposes.

30. As a result of Plaintiff Jocelyn R. Dunkin's injuries directly and proximately caused by all Defendants, she has suffered the following damages:

(a) economic damages including loss of future earnings and past and future medical costs;

(b) non-economic damages including pain and suffering, emotional distress, loss of enjoyment of life, permanent disability, severe permanent physical impairment, and severe

Exhibit A

Amended Complaint - Page 7 of 12 Pages
*Dunkin v. Dorel Industries, Inc., et al* - Case No. IKE-10-373 CI    Page 10 of 15 Pages

Case 5:10-cv-00004-JWS    Document 1-1    Filed 11/16/10    Page 10 of 15

disfigurement;

31. The damages suffered by Plaintiff Jocelyn R. Dunkin are in an unliquidated amount but are in excess of the amount necessary to vest this Court with jurisdiction.

32. As a result of Plaintiff Jocelyn R. Dunkin's injuries directly and proximately caused by all Defendants, Plaintiff Shaun M. Dunkin has suffered economic damages and non-economic damages including severe emotional distress and loss of consortium.

33. As a result of Plaintiff Jocelyn R. Dunkin's injuries directly and proximately caused by all Defendants, Plaintiff Sharlee Dunkin has suffered economic damages and non-economic damages including severe emotional distress and loss of consortium.

**First Claim for Relief**
**(Strict Products Liability)**

34. Plaintiffs reallege paragraphs 1 to 33 above.

35. The toddler bed designed, developed, tested, evaluated, manufactured, assembled, labeled, marketed, advertised, sold, and distributed by all Defendants was defective and unreasonably dangerous, and unfit and unsafe for its intended uses and purposes. The product was defective when it left the possession of each Defendant. The product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

36. Plaintiffs' use of the toddler bed in a manner reasonably foreseeable to all Defendants involved a substantial danger that would not be readily recognized by the ordinary consumer of the toddler bed, and which substantial danger was not readily recognized by Plaintiffs, and all Defendants failed to give adequate warning of the danger. Defendants failed to

Amended Complaint - Page 8 of 12 Pages
Dunkin v. Dorel Industries, Inc., et al - Case No. 1KE-10-373 CI
bc/Dunkin/13.149.A/Amended Complaint.doc

Exhibit __A__
Page 11 of 15 Pages

Case 5:10-cv-00004-JWS   Document 1-1   Filed 11/16/10   Page 11 of 15

indicate the scope of the risk or danger posed by the product, failed to reasonably communicate the extent or seriousness of harm that could result from the risk or danger, and failed to convey such in a manner that would alert a reasonably prudent person.

37. The defective and unreasonably dangerous condition of the toddler bed as described in paragraphs 35 and 36 directly and proximately caused injury to Plaintiff Jocelyn R. Dunkin.

38. The defective and unreasonably dangerous condition of the toddler bed directly and proximately caused damage to Plaintiffs, including those damages set forth in paragraphs 30 to 33.

## Second Claim for Relief
### (Breach of Warranty)

39. Plaintiffs reallege paragraphs 1 to 38 above.

40. Defendants made express and implied warranties to Plaintiffs or a member of their family about the toddler bed, including without limitation, warranties of quality, merchantability, and fitness for the purposes intended. These warranties extend to Plaintiffs pursuant to Alaska Statute 45.02.318.

41. Plaintiffs relied on all Defendants' express and implied warranties, including without limitation, Defendants' warranties of quality, merchantability, and fitness for the purposes intended.

42. Defendants have breached their express and implied warranties by designing, developing, testing, evaluating, manufacturing, assembling, labeling, marketing, advertising, selling, and distributing the toddler bed which is defective and unreasonably dangerous, and unfit

Amended Complaint - Page 9 of 12 Pages
*Dunkin v. Dorel Industries, Inc., et al* - Case No. 1KE-10-373 CI
be/Dunkin/13.149 A/Amended Complaint.doc

Exhibit A
Page 12 of 15 Pages

Case 5:10-cv-00004-JWS Document 1-1 Filed 11/16/10 Page 12 of 15

and unsafe for its intended uses and purposes.

43. Defendants' breaches of their express and implied warranties directly and proximately caused damage to Plaintiffs, including those damages set forth in paragraphs 30 to 33.

### Third Claim for Relief
### (Negligence)

44. Plaintiffs reallege paragraphs 1 to 43 above.

45. Defendants severally and/or individually negligently designed, developed, tested, evaluated, manufactured, assembled, labeled, marketed, advertised, sold, and distributed the toddler bed.

46. Defendants' negligence directly and proximately caused injury to Plaintiff Jocelyn R. Dunkin.

47. Defendants' negligence directly and proximately caused the damages to Plaintiffs set forth in paragraphs 30 to 33.

### Fourth Claim for Relief
### (Emotional Distress)

48. Plaintiffs reallege paragraphs 1 to 47 above.

49. The conduct of Defendants in designing, developing, testing, evaluating, manufacturing, assembling, labeling, marketing, advertising, selling, and distributing the toddler bed directly and proximately caused severe emotional distress to Plaintiffs, for which Defendants are liable.

50. Defendants are liable to Plaintiffs Shaun M. Dunkin and Sharlee Dunkin for

economic and non-economic damages for directly and proximately causing negligent infliction of emotional distress.

### Fifth Claim for Relief
### (Loss of Consortium)

51. Plaintiffs reallege paragraphs 1 to 50 above.

52. The conduct of Defendants in designing, developing, testing, evaluating, manufacturing, assembling, labeling, marketing, advertising, selling, and distributing the toddler bed directly and proximately caused a loss of consortium between Plaintiffs Shaun M. Dunkin and Sharlee Dunkin, and between and among Plaintiff Jocelyn Dunkin and Plaintiffs Shaun M. Dunkin and Sharlee Dunkin.

53. Defendants are liable to Plaintiffs for economic and non-economic damages for directly and proximately causing a loss of consortium between Plaintiffs Shaun M. Dunkin and Sharlee Dunkin, and between and among Plaintiff Jocelyn Dunkin and Plaintiffs Shaun M. Dunkin and Sharlee Dunkin.

### Relief Requested

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. for judgment in favor of Plaintiff Jocelyn R. Dunkin in excess of $100,000, the exact amount to be proven at trial,

B. for judgment in favor of Plaintiff Shaun M. Dunkin in excess of $100,000, the exact amount to be proven at trial,

C. for judgment in favor of Plaintiff Sharlee Dunkin in excess of $100,000, the exact amount to be proven at trial,

D. for an award of attorney's fees and costs in prosecuting this action,

E. for an award of prejudgment and post-judgment interest; and,

F. for such other and further relief as the Court may deem just and proper.

Dated this 21st day of October 2010.

KEENE & CURRALL, P.C.
Attorneys for Plaintiffs

By _____
Blake M. Chupka
Alaska Bar No: 0311083