# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| SHAUN M. DUNKIN et al., | )<br>) |
|     Plaintiffs, | )    5:10-cv-00004 JWS |
| vs. | )    **ORDER AND OPINION** |
| DOREL ASIA SRL & WAL-MART STORES, INC. | )    [Re: Motion at Docket 35]<br>) |
|     Defendants. | ) |

## I. MOTION PRESENTED

At docket 35, defendants Dorel Asia SRL ("Dorel") and Wal-Mart Stores, Inc. ("Wal-Mart"; collectively "defendants") move in limine to exclude evidence of medical bills submitted to the state in excess of the amounts paid by Medicaid. Plaintiffs Shaun M. Dunkin and Sharlee Dunkin (collectively "plaintiffs") oppose the motion at docket 52. Defendants' reply is at docket 61. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

This lawsuit arises out of injuries suffered by plaintiffs' child and allegedly caused by a defective toddler bed. The child's medical care was covered by Medicaid. The

-1-

providers of that medical care accepted Medicaid payments as full and final payments for the services rendered. The question presented by this motion is whether plaintiffs may present evidence of the medical providers' billings in excess of the amounts paid by Medicaid.

### III. DISCUSSION

Whether a plaintiff may present evidence of medical bills in excess of amounts paid by Medicaid and accepted by a health care provider as full payment is an open question under Alaska law.[1] Where there is no controlling precedent on a question of state law, a district court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."[2]

The collateral source rule "prohibits the reduction of a plaintiff's damages when he has received compensation from another source."[3] "The rule is based on the principle that a tort-feasor is not entitled to have his liability reduced merely because plaintiff was fortunate to have received compensation for his injuries or expenses from a collateral source."[4] "The rule thus dictates that an injured plaintiff may recover from the tortfeasor money an insurer has paid to medical providers on his or her behalf."[5] The issue is whether under Alaska law a plaintiff may present evidence, in the form of bills from a medical provider, that the reasonable value of his or her injury is greater than the amount accepted as full payment pursuant to the medical care provider's contractual arrangement with Medicaid.

---

[1] *See Lucier v. Steiner Corp.*, 93 P.3d 1052 (Alaska 2004) (dismissing a petition for review of the precise question).

[2] *Ariz. Elec., Power Coop. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).

[3] *Tolan v. ERA Helicopters, Inc.*, 699 P.2d 1265, 1267 (Alaska 1985).

[4] *Ridgeway v. North Star Terminal & Stevedoring, Inc.*, 378 P.2d 647, 650 (Alaska 1963).

[5] *Howell v. Hamilton Meats & Provisions*, 257 P.3d 1130, 1135 (Cal. 2011).

Defendants argue that the Alaska Supreme Court would follow *Howell v. Hamilton Meats & Provisions*, a recent California Supreme Court case.[6]  In that case, the court held that "an injured plaintiff whose medical expenses are paid through private insurance may recover as economic damages no more than the amounts paid by the plaintiff or his or her insurer for the medical services received or still owing at the time of trial."[7]  *Hamilton* stands for the proposition that the amount that an injured party was not obligated to pay a health care provider and which was not paid by her own insurer to the health care provider are neither damages nor a collateral source.

A dispute more precisely on point was addressed earlier by the California Court of Appeal, in *Hanif v. Housing Authority*.[8]  The facts in *Hanif* more closely parallel the facts in the case at bar because *Hanif* involved medical expenses covered by Medi-Cal–California's implementation of Medicaid[9]–as opposed to medical expenses covered by private insurance as in *Howell*.  *Hanif* held that a trial court overcompensated a plaintiff who presented evidence that the amounts paid by Medi-Cal were lower than the reasonable value of his treatment.[10]  The court determined that the plaintiff's recovery should have been limited to the amount paid by Medi-Cal.[11]  The court reasoned that the plaintiff's loss was only what was paid on his behalf and an award of more would no longer be compensatory.[12]  The court stated that a plaintiff's recovery is limited "when the evidence shows a sum certain to have been paid or incurred for past medical care

---

[6] 257 P.3d 1130 (Cal. 2011).

[7] *Id.* at 1145.

[8] 246 Cal. Rptr. 192 (Cal. Ct. App. 1988).

[9] *See Olszewski v. Scripps Health*, 69 P.3d 927, 932 (Cal. 2003).

[10] 246 Cal. Rptr. at 194, 197.

[11] *Id.* at 197.

[12] *Id.* at 195.

-3-

and services, whether by the plaintiff or by an independent source."[13] *Hanif* was cited with approval by the California Supreme Court in both *Howell* and *Olszewski v. Scripps Health*.[14]

*Howell* extended the limit imposed by *Hanif* and similar cases to privately-insured plaintiffs.[15] The *Howell* court recognized that no previous California case "discussed the question . . . of whether restricting recovery to amounts actually paid by a plaintiff or on his or her behalf contravenes the collateral source rule."[16] The *Howell* court concluded that such restriction did not violate the collateral source rule.[17] The court reasoned that where a "plaintiff negotiates a discount and thereby receives services for less than might reasonably be charged, the plaintiff has not suffered a pecuniary loss or other detriment in the greater amount and therefore cannot recover damages for that amount."[18] The *Howell* court determined that such limitation did not constitute a windfall to the tortfeasor because the price of medical service varies dramatically depending on whether the patient is insured or uninsured and because insurance companies are better situated to negotiate those prices.[19] The court rejected the plaintiff's argument that the difference between the rate paid and the higher rate was recoverable under her insurance policy. The court reasoned that "[h]aving never incurred the full bill, plaintiff

---

[13] *Id.*

[14] 69 P.3d 927.

[15] 257 P.3d at 1145.

[16] *Id.* at 1137.

[17] *Id.* at 1145.

[18] *Id.* at 1138.

[19] *Id.* at 1142. The implication is that the ensuing negotiation better reflects the reasonable value of the services provided.

-4-

could not recover it in damages for economic loss. For this reason alone, the collateral source rule would be inapplicable."[20]

Plaintiffs argue that the Alaska Supreme Court would not follow *Howell* or *Hanif* and instead rule that the value of medical care billed to but not paid for by Medicaid is a collateral source benefit that may not be used to reduce a damages award. Plaintiffs cite a dissent from a denial of a petition for review in *Lucier v. Steiner Corp.*[21] In that case, a three-justice majority dismissed a previously granted petition for review of the precise question raised in the case at bar. Defendants cite the dismissal as support for their position. Plaintiffs maintain that none of the three justices who voted to dismiss are still on the court whereas both dissenting justices are. More importantly, however, "[a] denial of a petition for review of an interlocutory order does not mean that [the Alaska Supreme Court] either approve[s] or disapprove[s] of the order sought to be reviewed."[22]

The dissent in *Lucier* contended that "medical care . . . received at Medicaid's expense [is] a collateral source benefit and its value may not be used to reduce [a] damages award, except under the conditions and procedures laid out in AS 09.17.070."[23] The dissent cited cases from Georgia and Virginia in support of the proposition that "when a medical provider accepts payments of less than the value of the care and writes off the rest, the collateral source rule covers the entire value,

---

[20] *Id.* at 1143.

[21] 93 P.3d 1052, 1053–55 (Alaska 2004).

[22] *Contento v. Alaska State Housing Authority*, 398 P.2d 1000, 1001 (Alaska 1965).

[23] 93 P.3d at 1053.

-5-

including the amount written off."[24] The dissent argued that the discounted portion of a medical bill "is part of the value of [a] collateral benefit." [25]

As the dissent in *Lucier* points out, AS § 09.17.070 suggests that the correct procedure is to permit a plaintiff to produce evidence of the value of his or her medical treatment–regardless of whether the plaintiff actually shoulders the cost–and then to permit a defendant to introduce evidence of amounts received from a collateral source after the fact finder has rendered an award.[26]

Defendants argue that, in line with *Howell*, amounts paid by Medicaid are not "amounts received" for purposes of AS § 09.17.070. Defendants maintain that "the difference between Medicaid rates and a provider's other rates does not constitute a source of any compensation or indemnity at all."[27] Defendants' argument is dependent on the *Howell* court's view that amounts beyond what is actually paid are not incurred and therefore are outside the scope of the collateral source rule. The problem with that view is that the purpose of the evidence in question is to value a plaintiff's injury. Plaintiff would have been responsible for the higher rates but for Medicaid's contract with the provider. In that sense the difference between the negotiated rate and the higher rates constitutes an amount received.

Consistent with its obligation to predict how the Alaska Supreme Court would decide this issue, the court concludes that the *Howell* approach is inconsistent with the Alaska legislature's collateral source framework, codified in AS § 09.17.070, and therefore that the Alaska Supreme Court would not follow it.

## IV. CONCLUSION

---

[24]*Id.* (citing *Olariu v. Marrero*, 549 S.E.2d 121, 123 (Ga. Ct. App. 2001); *Acuar v. Letourneau*, 531 S.E.2d 316, 322 (Va. 2000)).

[25]*Id.* at 1054.

[26]AS § 09.17.070.

[27]Doc. 61 at 2–3.

For the reasons above, defendants' motion in limine at docket 35 is **DENIED**. The clerk shall please terminate the identical motion at docket 34.

DATED this 15th day of March 2012.

                                            S/JOHN W. SEDWICK
                                            JOHN W. SEDWICK
                                         UNITED STATES DISTRICT JUDGE