UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SHAUN M DUNKIN, *et al.*, | ) |
|     Plaintiffs, | )    5:10-cv-00004 JWS |
|     vs. | )    ORDER AND OPINION |
| DOREL ASIA SRL & WAL-MART STORES, INC., | )    [Re: Motion at Docket 37] |
|     Defendants. | ) |

## I. MOTION PRESENTED

At docket 37, defendants Dorel Asia SRL ("Dorel") and Wal-Mart Store, Inc. ("Wal-Mart"; collectively "defendants") move *in limine* to exclude the testimony of plaintiffs' expert, William Kitzes ("Kitzes"). Plaintiffs Shaun & Sharlee Dunkin ("plaintiffs") oppose the motion at docket 45. Defendants' reply is at docket 58. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

This lawsuit arises out of injuries suffered by plaintiffs' child and allegedly caused by a defective toddler bed. The bed was imported by Dorel and sold at Wal-Mart. Plaintiffs have offered Kitzes' testimony to describe common methods of safety

-1-

management amongst manufacturers, to describe what information safety managers use to evaluate risks and whether warnings or instructions on products are necessary, and to opine as to whether Dorel followed the described methods and provided adequate warning or instruction.

### III.  DISCUSSION

Defendants' overarching argument is that Kitzes' testimony is not reliable and therefore would not be helpful to the jury.  Federal Rule of Evidence 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Defendants argue first that Kitzes has no training in the design of toddler beds. Kitzes is a "Board Certified Product Safety Manager and Hazard Control Manager."[1]  He worked at the United States Consumer Product Safety Commission ("CPSC") for several years.  He has been hired by several companies as a consultant on product safety issues, including recalls and warnings.  Kitzes has also published several articles in the product safety field and has testified as an expert over one hundred times. Defendants generally accept that Kitzes "has safety analysis training which he applies to almost every product."[2]  Kitzes lack of specific training in toddler bed design and manufacture does not discount his expertise in product safety.

Defendants maintain that Kitzes' opinion is irrelevant because his report refers only to Dorel Industries, Inc., an entity that has been dismissed from this case. However, Kitzes stated that his opinions apply to Dorel insofar as it was "involved in the design, manufacture, and importation of the toddler bed."[3]

---

[1] Doc. 46 at 1.

[2] Doc. 37 at 8.

[3] Doc. 46 at 1.

Defendants argue that Kitzes improperly relies on an inadmissible settlement agreement between Graco Children's Products, Inc. ("Graco") and the CPSC. That agreement involved a toddler bed that resembled the bed at issue in the case at bar.[4] The admissibility of the settlement agreement is the subject of a different motion *in limine* and will be determined in connection with that motion. For purposes of this motion, it is sufficient that even if a basis of an expert's opinion is inadmissible, the expert's opinion may still be admitted.[5]

Defendants maintain that Kitzes did not independently vet the data underlying the Graco settlement agreement, which pertained to incidents occurring between 1995 and 2004. Plaintiffs respond that defendants have not offered any reason to suspect that the data underlying the settlement agreement was not trustworthy. Because the Federal Rules of Evidence permit an expert to base an opinion on facts or data that the expert has been "made aware of,"[6] a failure to independently vet the data underlying the Graco settlement agreement is inconsequential.

Defendants argue that Kitzes has ignored more recent data which pertains to incidents taking place between 2005 and 2010.[7] Defendants emphasize that the CPSC declined to modify the guardrail slat dimension standard in light of that data. Kitzes stated at his deposition that he did not reference that data because plaintiff's child was injured in 2008 and therefore that data was not available to Dorel.[8] Ultimately, Kitzes' decision not to incorporate the incident data from 2005 to 2010 into his report does not render his opinion unreliable. Defendants' argument assumes that compliance with a

---

[4] Doc. 37-11 at 15.

[5] *See* Fed. R. Evid. 703.

[6] *Id.*

[7] *See* 76 Fed. Reg. 22019, 22020 (Apr. 20, 2011).

[8] Doc. 45-3 at 14 ("So as far as notice [to Dorel] is concerned, that information really isn't relevant.").

standard–whether voluntary or mandatory–is a complete defense to liability. However, with respect to plaintiffs' strict liability claim, compliance with the standard might be evidence that the toddler bed was not defectively designed, but it would not be conclusive. With respect to plaintiffs' negligence claim, compliance with the prevailing design standard might be evidence that Dorel did not breach the applicable standard of care when designing the toddler bed, but again, it would not be conclusive. As plaintiffs point out, 15 U.S.C. § 2074 provides explicitly that "[c]ompliance with consumer product safety rules or other rules or orders under this chapter shall not relieve any person from liability at common law or under State statutory law to any other person."[9]

For the same reasons, defendants' arguments that Kitzes' report does not mention ASTM F 1821 and 16 C.F.R. § 1217.2(c)(2)(ii) or testing of the subject toddler bed undertaken by the Consumer Testing Laboratories are not persuasive.

Defendants argue that Kitzes' opinion is unreliable because 1) he does not know what happened to handwritten notes he kept while preparing his report, and 2) portions of his report are identical to previous reports he has prepared. Neither the content of Kitzes' notes nor identical application of Kitzes' methodology render his opinion or report unreliable. Kitzes testified at his deposition that his notes were organizational in character[10] and that he does not "look back at them."[11] Although under some circumstances a boilerplate report could reflect poorly on an expert's reliability, here, defendants point only to the portion of Kitzes' report discussing his methodology and the portion setting out the five bases for Kitzes' conclusion that Dorel did not adequately address safety. A verbatim summary of Kitzes' methodology–which is presumably static–does not reflect on the reliability of an opinion drawn from application of that methodology. Similarly, the reliability of Kitzes' opinion is not discounted by the fact that

---

[9] 15 U.S.C. § 2074(a).

[10] Doc. 45-3 at 6–7.

[11] *Id.* at 7.

application of his methodology yielded the same conclusions under different circumstances.

### IV.  CONCLUSION

For the reasons above, defendants motion *in limine* at docket 37 to exclude Kitzes' testimony is **DENIED**.

DATED this 21st day of March 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE