UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SHAUN M. DUNKIN, *et al.*, ) | |
| Plaintiffs, ) | 5:10-cv-00004 JWS |
| vs. ) | ORDER AND OPINION |
| DOREL ASIA SRL & WAL-MART STORES, INC., ) | [Re: Motion at Docket 38] |
| Defendants. ) | |

## I. MOTION PRESENTED

At docket 38, defendants Dorel Asia, SRL ("Dorel") and Wal-Mart Stores, Inc. ("Wal-Mart"; collectively "defendants") move to exclude reference to a settlement agreement between the Consumer Product Safety Commission ("CPSC") and Graco Children's Products, Inc. ("Graco"). Plaintiffs Shaun and Sharlee Dunkin ("plaintiffs") oppose the motion at docket 49. Defendants' reply is at docket 57. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

This is a product liability action based on injuries to plaintiffs' daughter allegedly caused by a toddler bed manufactured by Dorel and sold by Wal-Mart. The Graco

settlement agreement involved a toddler bed with nearly identical slat spacing to the toddler bed at issue in the case at bar. In the settlement agreement, the CPSC stated as follows:

> The [Graco] Toddler Bed has head and footboards and partial guardrails with vertical slats. The vertical slat openings are 2 3/8 inches in width. The size of the openings permits children's arms and legs to become caught. This is a product defect under section 15 of the CPSA, 15 U.S.C. § 2604.[1]

Plaintiffs' expert, William Kitzes, has opined that, due in part to the settlement agreement and subsequent recall of the Graco toddler bed–and Wal-Mart's participation in recall efforts–"Dorel failed to adequately address the unreasonably dangerous condition created by their toddler bed side rails, and failed to take safety measures to substantially reduce or eliminate injury."[2]

### III.  DISCUSSION

**A. The Graco Settlement Agreement**

**1.  Rule 408**

Defendants argue first that the Graco settlement agreement is barred by Federal Rule of Evidence 408. Rule 408 bars evidence of "offering . . . a valuable consideration in compromising or attempting to compromise the claim" or evidence of "conduct or a statement made during compromise negotiations about the claim" when such evidence is offered "either to prove or disprove the validity or amount of a disputed claim."[3]  As stated in the advisory committee's note to Rule 408, "[w]hile the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises *when offered against a party thereto.*"[4] Although the completed compromise is contemplated by Rule 408, the Graco settlement

---

[1] Doc. 38-7 at 15.

[2] Doc. 46-1 at 9–10.

[3] Fed. R. Evid. 408(a)(1), (2).

[4] *Id.* advisory committee's note (emphasis added).

agreement did not involve Dorel or Wal-Mart. Even if it did, plaintiffs are not offering the settlement agreement "to prove or disprove the validity or amount of a disputed claim."[5] Plaintiff correctly notes that evidence of compromise is admissible to prove notice.[6]

**2. Rule 407**

Federal Rule of Evidence 407 states that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."[7] Plaintiffs correctly note that Rule 407 only applies to "subsequent" remedial measures–the Graco settlement agreement was entered into prior manufacture of the subject toddler bed.[8] Moreover, "[t]he purpose of Rule 407 is not implicated in cases involving subsequent measures in which the defendant did not voluntarily participate."[9] Neither Dorel nor Wal-Mart voluntarily participated in the Graco settlement agreement. Similarly, Dorel was not involved in the recall of the Graco toddler bed.

**3. Rule 802**

Defendants argue that the Graco settlement agreement is inadmissible hearsay. The agreement meets the criteria of Rule 803(8), however, and is admissible as a public record.[10]

---

[5] *Id.*

[6] *Id. See also United States v. Austin*, 54 F.3d 394 (7th Cir. 1995); *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987).

[7] Fed. R. Evid. 407.

[8] *See, e.g.*, *In re Air Crash in Bali, Indonesia*, 871 F.2d 812, 816 (9th Cir. 1989).

[9] *Id.*

[10] *See* Fed. R. Evid. 803(8).

**4. Rules 401 & 403**

Defendants argue that the settlement agreement is irrelevant because it did not involve the subject toddler bed. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" provided "the fact is of consequence in determining the action."[11] Plaintiffs maintain that the settlement agreement and the subsequent recall of the Graco bed are evidence that Wal-Mart had notice that the substantially similar toddler bed manufactured by Dorel was defective. The court agrees. Plaintiffs note also that Wal-Mart was required to post a safety bulletin concerning the Graco bed.

Defendant argues that the settlement agreement should be excluded pursuant to Federal Rule of Evidence 403 because it would unfairly prejudice and confuse the jury. Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[12] Partly because neither Dorel nor Wal-Mart were parties to the Graco settlement agreement there is no danger of unfair prejudice. However, the agreement has serious potential to confuse the issues and mislead the jury. A jury could see the CPSC's conclusion that the Graco bed was defective as conclusive with respect to Dorel's bed with the same slat spacing. It is not, and defendants have presented evidence to the contrary in their various motions *in limine*.

The CPSC's conclusion that the slat spacing of the Graco bed was defective is not especially probative of whether the Dorel bed was defective. If offered to show that the Dorel bed was defective, the danger of confusion and misleading would substantially outweigh that probative value. Because the plaintiff seeks to admit the settlement agreement to show notice to defendants that a toddler bed with slat spacing of 2 3/8

---

[11] Fed. R. Evid. 401.

[12] Fed. R. Evid. 403.

inches *could* be dangerous, however, the court concludes that a preventive instruction to the jury explaining the permissible purpose of the settlement agreement will be adequate.

**B. Spreadsheet of Graco Bed Incidents**

Defendants also argue that a spreadsheet organizing data from 77 Graco toddler bed incidents should be excluded. The spreadsheet was created by the CPSC and describes 77 incidents involving injuries to children using the Graco toddler bed referred to in the Graco recall notice. The spreadsheet is of limited probative value and defendants argue that it is inadmissible hearsay.[13] Plaintiffs do not respond to defendants' hearsay argument, but argue that Kitzes should be allowed to testify regarding the information contained in the spreadsheet based on Federal Rule of Evidence 703.

Rule 703 states that

> [i]f experts in the particular field would reasonably rely on [certain] facts or date in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Plaintiffs have not presented an argument that the data in the spreadsheet would help the jury evaluate Kitzes' opinion. Therefore, while Kitzes may rely on that data in formulating his opinion consistent with Rule 703, there is no basis for presenting that data to the jury.

## IV.  CONCLUSION

For the reasons above, defendants' motion *in limine* at docket 38 is **GRANTED** in part and **DENIED** in part as follows:

1) It is granted with respect to the CPSC spreadsheet. The spreadsheet is excluded.

---

[13] *See, e.g.*, *McKinnon v. Skill Corp.*, 638 F.2d 270, 278–79 (1st Cir. 1980).

2) It is denied with respect to the Graco settlement agreement and recall notice. Those items are admissible and will be accompanied by an instruction to the jury regarding their permissible purposes.

DATED this 23rd day of March 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE