# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| SHAUN M. DUNKIN & SHARLEE DUNKIN, | ) |
| Plaintiffs, | ) 5:10-cv-00004 JWS |
| vs. | ) ORDER AND OPINION |
| DOREL ASIA SRL & WAL-MART STORES, INC. | ) [Re: Motion at Docket 44] |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 44, plaintiffs Shaun and Sharlee Dunkin ("plaintiffs") move *in limine* for various relief. Defendants Dorel Asia SRL and Wal-Mart Stores, Inc. ("defendants") respond at docket 55. Plaintiffs' reply is at docket 55. Oral argument was not requested and would not assist the court.

## II. DISCUSSION

Plaintiffs seek an order that several "subjects not be mentioned, referenced, or discussed" by witnesses or counsel.[1] Each subject will be addressed in turn.

---

[1] Doc. 44 at 1.

**A. Evidence of Compliance With Industry Standards**

Plaintiffs argue that defendants should not be permitted to argue that their duty was limited to compliance with industry standards. The court agrees with plaintiffs that "voluntary ASTM standards or CPSC regulations are controlling as to [a defendant's] duty of care is wrong as a matter of law."[2] However, defendants' response makes clear that they do not intend to argue otherwise. Evidence of defendants' compliance with industry standards is permissible.[3]

**B. Evidence of Collateral Source Payments**

Plaintiffs argue that defendants should not be permitted to introduce evidence of medical expense payments made by Medicaid.

> The collateral source rule . . . prohibits the reduction of a plaintiff's damages when he has received compensation from another source. It also has an evidentiary role, excluding evidence of other compensation on the theory that such evidence would affect the jury's judgment unfavorably to the plaintiff on the issues of liability and damages.[4]

Defendants argue that evidence of Medicaid payments is admissible "to show the actual medical expenses that the providers have actually accepted as full and final payment for their services."[5] Defendants' proposed purpose is not different from diminution of plaintiffs' potential damages, and their argument is foreclosed by the collateral source rule and the order at docket 63.

**C. Reference to Sharlee Dunkin's Criminal History**

Plaintiffs argue that evidence of Sharlee Dunkin's criminal history and encounters with law enforcement–which includes three minor-in-possession charges, three minor-in-consumption charges, and warnings for public drunkenness and indecent

---

[2] Doc. 44 at 3.

[3] *See Sturm, Ruger & Co., Inc. v. Day*, 594 P.2d 38, 45 (Alaska 1979).

[4] *Tolan v. ERA Helicopters, Inc.*, 699 P.2d 1265, 1267 (Alaska 1985). Consistent with the collateral source rule, the court has already denied defendants' motion to exclude evidence of medical bills in excess of the amounts paid by Medicaid. Doc. 63.

[5] Doc. 55 at 3.

exposure–should be excluded pursuant to Rules 404 and 609. Defendants argue that it is premature to consider the issue and that "the court cannot assess how some of these police records might be relevant for cross-examination."[6]

Rule 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[7] The court agrees with plaintiffs that Rule 404(b) bars evidence of Sharlee Dunkin's criminal history to show that she acted in conformity with any character trait suggested by it. Defendants have not argued that Sharlee Dunkin's criminal history is relevant to any other end.

With respect to impeachment, Rule 609 provides that a witness's felony convictions "must be admitted, subject to Rule 403, in a civil case in which the witness is not a defendant."[8] Any conviction involving dishonesty–regardless of whether the offense is a felony or misdemeanor–similarly must be admitted.[9] Because Sharlee Dunkin's convictions are, at most, misdemeanors that do not involve dishonesty, they are inadmissible under Rule 609.

**D. Settlement Negotiations**

Plaintiffs argue that references to settlement negotiations are impermissible under Rule 408. Defendants do not oppose this aspect of plaintiffs' motion.

**E. Evidence of Defendants' Insurance**

Plaintiffs argue that evidence of defendants' mode of insurance should be excluded. Defendants do not oppose this aspect of plaintiffs' motion.

---

[6]Doc. 55.

[7]Fed. R. Evid. 404(b).

[8]Fed. R. Evid. 609(a)(1)(A).

[9]Fed. R. Evid. 609(a)(2).

-3-

### F. Time and Manner of Retention of Plaintiffs' Counsel

Plaintiffs argue that "[t]he time or manner in which the Dunkins retained counsel is not relevant to any issues to be decided by the jury and should therefore be excluded."[10] Defendants argue that this issue should be addressed at trial and that it may have relevance to "issues regarding preservation of evidence."[11] Plaintiffs argue in reply that evidence of the timing and manner in which they hired counsel is unfairly prejudicial and should be excluded pursuant to Rule 403. The court concludes that this issue has not been adequately briefed. Defendants do not explain how such evidence would be relevant to "issues regarding preservation of evidence" nor do they explain what those issues are. Plaintiffs do not explain why such evidence would be unfairly prejudicial.

### G. Evidence of Plaintiffs' Fault

Plaintiffs argue that defendants "should not be permitted to introduce any evidence or argument suggesting that the plaintiffs share any fault for Jocelyn's injury."[12] Plaintiffs correctly note that "in order to justify submitting to the jury the question of whether [a] plaintiff . . . was negligent, there must be evidence of such negligence."[13] Specifically, "[t]here must be facts from which one could reasonably infer that such negligence existed."[14] It is unclear what evidence, precisely, plaintiffs seek to exclude. Defendants are correct that Alaska is a proportional liability state.[15] Consequently,

---

[10]Doc. 44 at 8.

[11]Doc. 55 at 4.

[12]Doc. 44 at 9.

[13]*Cummins v. King & Sons*, 453 P.2d 465, 466 (Alaska 1969).

[14]*Id.*

[15]*See, e.g.*, *Fancyboy v. Alaska Village Elec. Co-op.*, 984 P.2d 1128, 1132–1133 & n.8 (Alaska 1999).

-4-

defendants are not barred from advancing the theory that either or both of the Dunkins were also negligent.

**H. Reference to Plaintiffs' Failure to Call Witnesses**

Plaintiffs maintain that defendants should not be allowed to "suggest any adverse inference based on the plaintiffs' alleged failure to call any [particular] witness."[16] Plaintiffs also suggest that Shaun or Sharlee Dunkin may not attend portions of the trial and argue that defendants should not be allowed to remark on their potential non-attendance. Plaintiffs argue that such evidence is irrelevant and unfairly prejudicial. Defendants argue that the issue is premature, and that the jury should be allowed to consider "all of the evidence."[17] Defendants do not explain how such evidence would be relevant. The court agrees with plaintiff that reference to a party's absence during trial is irrelevant. Defendants shall refrain from doing so. The court agrees with defendants that it is premature to foreclose any possible comment on or argument about a party's failure to call a particular witness.

**I. Reference to the Present Motion**

Plaintiffs argue that defendants should not be allowed to reference the present motion *in limine*. Defendants do not oppose this aspect of plaintiffs' motion.

## III. CONCLUSION

For the reasons above, plaintiffs' motion *in limine* at docket 44 is **GRANTED** in part and **DENIED** in part as follows:

1) Evidence of defendants' compliance with industry standards is permissible.

2) Evidence of collateral source payments is excluded.

3) Evidence of Sharlee Dunkin's criminal history is excluded.

4) Evidence of settlement negotiations is excluded.

5) Evidence of defendants' insurance or self-insurance is excluded.

---

[16]Doc. 44 at 9.

[17]Doc. 55 at 4.

6) The court reserves ruling on the admissibility of evidence concerning the timing and manner of plaintiffs' retention of counsel.

7) Defendants may advance the theory that plaintiffs were negligent.

8) Defendants may not reference plaintiffs' failure to attend trial.

9) Evidence of plaintiffs' motion is excluded.

DATED this 27th day of March 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE